UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

_____

| | | |
|---|---|---|
| ANTJUAN TO'BIAS GREENE, | ) | C/A No.: 4:15-cv-0774-JMC-TER |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| | ) | |
| WARDEN, LARRY CARTLEDGE, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Antjuan To'Bias Greene (Petitioner), appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on February 25, 2015. Respondent filed a motion for summary judgment on May 20, 2015, along with a return and memorandum. (Docs. #14 and #15). The undersigned issued an order filed May 20, 2015, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #16). Petitioner filed a response on July 27, 2015. (Doc. #27).

_____

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

## **PROCEDURAL HISTORY**

The procedural history as set forth by the Respondent has not been seriously disputed by the Petitioner in his response. Therefore, the undersigned will set out the undisputed procedural history, in part, as set forth by the Respondent.

Petitioner is currently confined at the Perry Correctional Institution in the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court for Abbeville County. Petitioner was indicted by the Abbeville County Grand Jury in May 2009 for burglary (09-GS-01-209), for violating §16-25-0065 (describes the crime of criminal domestic violence of a high and aggravated nature (CDVHAN)) (09-GS-01-210), and for malicious injury to real property (09-GS-01-211). Attachment 1, PCR Appendix at 382–87. On November 9–10, 2009, Petitioner was tried before the Honorable Eugene Griffith and a jury. Attachment 1, PCR App. at 1–244. Assistant Public Defender Alexis Bell and Public Defender Charles Grose represented Petitioner at trial. Attachment 1, PCR App. at 1. Assistant Solicitor Patricia Bolen represented the State. Attachment 1, PCR App. at 1. The jury found Petitioner guilty of all charges. Attachment 1, PCR App. at 218–20. Judge Griffith sentenced Petitioner to incarceration for thirty (30) days for the malicious injury to real property, to incarceration for ten (10) years for CDVHAN, and to incarceration for twenty (20) years for first degree

2

burglary. Attachment 1, PCR App. at 241. The sentences were set to run concurrently. Id.

## **Direct Appeal**

Petitioner filed a notice of appeal. On May 23, 2011, M. Celia Robinson, Appellate Defender with the South Carolina Commission on Indigent Defense, Division of Appellate Defense, filed a final brief on Petitioner's behalf. Attachment 3, Final Brief of Appellant (Direct Appeal). Subsequently, on November 16, 2011, an amended final brief was filed to correct dates provided on page 9 of the brief. See Attachment 4, Letter Dated Nov. 16, 2011 (Direct Appeal); Attachment 5, Amended Final Brief of Appellant (Direct Appeal). Appellate counsel raised the following three issues:

1. The trial judge erred in refusing to direct an acquittal on the charge of CDVHAN where the State's evidence failed to establish that serious bodily injury was inflicted.

2. The trial judge erred in refusing to direct a defense verdict on the charge of first degree burglary where the State failed to prove that appellant entered the trailer without permission and failed to present evidence tending to prove that appellant intended to commit a crime inside the trailer.

3. The trial judge erred in allowing the prosecution to enter photographs in evidence over the defense objection that any relevance of the photographs was outweighed by the unfair prejudice given that the photographs were cumulative and

thus only marginally relevant while they were highly unfairly prejudicial; the photographs were calculated to arouse the sympathies and prejudices of the jury and likely to confuse the jury due to the presence in the photos of medical equipment and due to the fact that the actual injuries were obscured by tubing or by clotted blood.

(Attachment 5, Amended Final Brief of Appellant at 3).

On May 26, 2011, Senior Assistant Attorney General Harold M. Coombs, Jr. filed a Final Brief of Respondent. In an unpublished opinion (Unpublished Opinion No. 2012-UP-001) filed January 4, 2012, the South Carolina Court of Appeals affirmed Petitioner's sentence. Attachment 1, PCR App. at 245–47. The court issued the remittitur on January 24, 2012.

## PCR

On March 7, 2012, Petitioner filed an Application for Post-Conviction Relief (PCR) attaching a handwritten page detailing his claims as follows, quoted verbatim:

(11.)  Ineffective assistance of trial counsel

A.)  Failure to Investigate, adequately prepare case for Trial or Request Continuance;

B.)  Failing to raise issue of victim consenting to the entry into the home at Trial;

C.)  Failing to investigate the backgrounds of the eye witnesses and/or the victim(s);

D.)  Failure to call witnesses relevant to the defense theory of the case;

E.)  Failing to object to detective testimony claiming to have expert knowledge on the durability of a mobile home door;

4

(F.)    Failure to Advise not to Testify or to Testify;

(11.)    Ineffective assistance of appellate counsel

A.)    Raising an issue that wasn't preserved for review at trial in direct appeal petition;

(Attachment 8, PCR Application).

The State made its return to the application on June 18, 2012. (App. 255-61). Thomas E. Hite, III, represented Petitioner in the action.

An evidentiary hearing in this action was held on March 11, 2013, before the Honorable Clifton B. Newman. (App. 262-372). By Order dated June 14, 2013, and filed June 28, 2013, Judge Newman denied relief and dismissed the application with prejudice. (App. 378-81). Petitioner appealed the denial of relief.

## PCR Appeal

On appeal, Petitioner was represented by Appellate Defender Lara M. Caudy with the South Carolina Commission on Indigent Defense, Division of Appellate Defense. Petitioner's appeal from the denial of relief from the PCR Court was perfected with the filing of a Petition for Writ of Certiorari. In the Petition, Petitioner raised the following issues:

1.    Did trial counsel's failure to adequately communicate a plea offer made by the state to Petitioner violate Petitioner's Sixth and Fourteenth Amendment rights to the effective assistance of counsel?

> 2.    Did the PCR court err in finding Petitioner knowingly and
> voluntarily waived his right to testify at trial and that Petitioner
> failed to state specific reasons why and how the outcome of
> his trial would have been different had he testified?

(Attachment 10).

The State filed a Return to the Petition for Writ of Certiorari on June 13, 2014.

By Order filed October 8, 2014, the South Carolina Supreme Court denied the

Petition for Writ of Certiorari. (Attachment No. 12). The remittitur was issued on

October 24, 2014. (Attachment No. 13).


## HABEAS ALLEGATIONS

Petitioner raised the following allegations in his petition, quoted verbatim:

Ground One:              (see attachments)

Supporting Facts:        By the definition given to the Jury by
                         trial counsel Ms. Alexis Bell then accepted
                         by the court.   The state failed to establish
                         whether serious bodily injury occurred
                         because the victim (Theresa Sullivan)
                         injury was never considered as being life
                         threatening.

Ground Two:              (See attachments)

Supporting Facts:        A direct verdict should be granted when
                         the State fails to prove the elements
                         surrounding a crime and in this case the state
                         didn't even bring up the issue as to whether I
                         had permission to be in our home. Or did they

|  |  |
|---|---|
|  | show that I had any intentions of committing a crime therein. |
| Ground Three: | (see attachments) |
| Supporting Facts: | At the start of the trial the judge excluded some of the photographs because they were cumulative and duplicative he also stated that the prosecution was going to have an expert (a doctor) to testify as to the conditions Theresa was in after the incident. But sometime somehow during the trial the prosecutor still managed to enter some of those excluded prejudicial photographs in on testimony even though most of them was never introduce through discovery. |
| Ground Four: | Ineffective Assistance of Trial Counsel (A-E) (see attachments) |
| Supporting Facts: | Trial counsel Ms. Alexis Bell had a lot of inconsistencies and contradictions as to what she was suppose to be doing by the Strickland Standard of law test compared to her deficient performance I suffered before and during my trial. |

(Petition). In the attachment to his petition, Petitioner describes the grounds in the

form-petition and also adds two additional grounds as follows:

|  |  |
|---|---|
| Ground One: | The trial judge erred in refusing to direct an acquittal on the charge of CDVHAN where the State's evidence failed to establish that serious bodily injury was inflicted |
| Ground Two: | The trial judge erred in refusing to direct a defense |

7

verdict on the charge of First Degree Burglary where the State failed to prove that appellant entered the trailer without permission and failed to present evidence tending to prove that appellant intended to commit a crime in the trailer.

Ground Three:    The trial judge erred in allowing the prosecution to enter photographs in evidence over the defense objection that any relevance of the photographs was outweighed by the unfair prejudice given that the photographs were cumulative and thus only marginally relevant while they were highly unfairly prejudicial; the photographs were calculated to arouse the sympathies and prejudices of the jury and likely to confuse the jury due to the presence in the photos of medical equipment and due to the fact that the actual injuries were obscured by tubing or by clotted blood.

Ground Four(A):    Failing to inform defendant of a plea offer and fully informing him of the potential sentences that was hanging over his head in terms of punishment for the crimes that he had been indicted on.

Supporting Facts:    Trial counsel Ms. Bell said that she informed me of a plea offer which her, the solicitor and a judge sat down and discussed but from my recollection of events. She never made it seem like that they had came to a final conclusion as to the matter. So of course theirs conflicting stories about a plea offer between me, Ms. Bell and Mrs. Bolen but one thing is for certain neither one of them produced any evidence in writing showing I rejected an offer. By both of there testimonies at (PCR) I could have gotten less time then this twenty (20) years I'm serving if Ms. Bell would have fully informed me as to the matter.

8

Ground Four (B):   Failure  to  investigate,  adequately  prepare  case
for  Trial  or  to request a continuance

Supporting Facts:   I provided  Ms.  Bell  with  easy  access  to  proof
of  residence  because yes me and Theresa was in a
relationship, she was also  pregnant  with  my  child
at  that  time  we  was  living together as a couple for
a  little  under  a  year.   I  even told  her how  to  go
about   verifying   that   I'm   being   truthful   by
obtaining a statement from people at my Job Ifco or
talking to  our  landlord  Mr.  Nolan  Tolan  or  my
probation  officer  Mr.  Black  from  Laurens  County
because  one  of  the  main  provisions  to  being  on
paperwork  is  that  your  probation officer always
know where   you're  residing but Ms.  Bell  didn't
supply  none of this information to the defense of my
case.

Ground Four (C):   Failing  to  raise  issue  of   victim consenting to the
entry into  the home at trial

Supporting Facts:   Trial  counsel  Ms.  Bell  never  even addressed or
disputed the  issue  in  court  and  I  think that's  a
major  element  into  proving innocence or guilt to
the charge of First 1st Degree  Burglary  especially
when   theirs   a   question   as   to   whether the
defendant  lived  at  the  resident  listed  on  the
indictment

Ground Four (D):   Failure to advise not to testify or to testify

Supporting Facts:   While  incarcerated  without  a  bond  in  Abbeville
County Detention  Center  Ms.  Bell  initial  intake
of  the  situation  after  gathering  information  as  to
what  happened  the  night of the incident.  Was that
if or when the case goes to Trial it  would be decided
by my testimony against Theresa's.  But at  no  time
before  or  during  the  trial  did  she  or  the  judge

explain to me that the procedure was suppose to be done on-record in front of the jury. So I had no way of knowing this because I've never went through a Jury trial.

**Ground Four (E):** Failure to call witnesses relevant to the defense theory of the case

**Supporting Facts:** I told Ms. Bell about everything that happened that night who was there Sophie Attaway and Rodney Greene. What happened before those events of that night, who could verify that I lived with Theresa[,] Theresa's family, Mr. and Mrs. Tolan, Mr. Black, my family, her brother's girlfriend Christie and Theresa best friend Christie Settles. Also that I received mail there and had possessions there such as my bed which was in evidence of pictures the detectives took of the scene. But Ms. Bell put forth little to no effort obtaining witnesses for my defense.

**Ground Five:** Trial counsel's failure to adequately communicate a plea offer made by the state to Petitioner violated Petitioner's Sixth and Fourteenth Amendent rights to the effective assistance of counsel.

**Supporting Facts:** If trial counsel Ms. Bell would have fully informed me as to the matter especially when she finally did receive some more of the discovery the week before taking me through trial. And I asked her specifically was there any plea offers on the table because I wanted to plea guilty once I seen it. Her response is on page 329 line 17 to page 330 line 17 in the PCR transcript: maybe I misunderstood Mrs. Bolen but I was under the impression that they had to try the case now. So its like I was forced into going to trial that in itself is cause to show that she was ineffective. Then

10

she turns around and admitted to telling me the offer her and the solicitor worked out for me was revoked if I didn't decide on it that particular day. But Mrs. Bolen testified that if they made an offer it was good up until the day of trial so because of Ms. Bell the offer expired.

Ground Six:    The PCR court erred in finding Petitioner knowingly and voluntarily waived his right to testify at trial and that Petitioner failed to state specific reasons why and how the outcome of his trial would have been different had he testified.

Supporting Facts:    If you review the proceedings of the trial the judge or my trial counsel never mentioned anything to me about waiving my rights to testify in court. So I had no way of knowing whether testifying or not testifying was part of the process even though I've been in trouble before. But if they would have explained it to me I wouldn't have given up my rights to have my say in court at trial.

(Petition, attachment).

## STANDARD FOR SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases.  See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972).  The court's function, however, is not to decide issues of fact, but to decide whether there is an

issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim,  Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court  assume the existence of a genuine issue of material fact where none exists.  If none can be shown, the motion should be granted.   Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper.  Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof.  Celotex, 477 U.S. 317.  Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986).  The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the

non-moving party.  <u>Shealy v. Winston</u>, 929 F.2d 1009, 1011 (4th Cir. 1991).  However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment.  <u>Barber v. Hosp. Corp. of Am.</u>, 977 F.2d 874-75 (4th Cir. 1992).  The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits."  <u>Mitchell v. Data General Corp.</u>, 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings.  <u>See</u> <u>Celotex</u>, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves).  Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any."  <u>Id.</u> at 322; <u>see also</u> <u>Cray Communications, Inc. v. Novatel Computer Systems, Inc.</u>, 33 F.3d 390 (4th Cir. 1994); <u>Orsi v. Kickwood</u>, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## <u>STANDARD OF REVIEW</u>

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the

requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the Supreme] Court's decisions but unreasonably applies that principle of law" to the facts of the case. Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (citing Williams v. Taylor, 529 U.S. 362, 413 (2000)). However, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." *Id.* "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004). Further, factual findings "made by a State court shall be presumed to be correct," and a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## **PROCEDURAL BAR**

The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, <u>Smith v. Murray</u>, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

<u>Reed v. Ross</u>, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,

> . . . the exercise of that power ordinarily is inappropriate
> unless the defendant succeeds in showing both "cause" for
> noncompliance with the state rule and "actual prejudice"
> resulting from the alleged constitutional violation.

Smith v. Murray, 477 U.S. 533 (quoting Wainwright v. Sykes, 433 U.S. at 84 (1977)).

See also Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas Petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a Petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. See Murray v. Carrier, 477 U.S. 478, 496 (1986).

## ANALYSIS

### Ground One

In Ground One, Petitioner alleges trial court error in failing to grant a directed verdict on the charge of Criminal Domestic Violence of a High and Aggravated Nature (CDVHAN) because the injuries to the victim were not a "serious bodily injury." Respondent argues that the trial court made reasonable factual findings in denying the claim which was affirmed by the South Carolina Court of Appeals.

Claims of insufficiency of the evidence such that a directed verdict should have been granted are cognizable in habeas actions as claims of a denial of due process.

16

However, review in this area is " 'sharply limited.' " <u>Wilson v. Greene</u>, 155 F.3d 396, 405 (4th Cir.1998) (quoting <u>Wright v. West</u>, 505 U.S. 277, 296, 112 S.Ct. 2482, 120 L.Ed.2d 225 (1992)). The <u>Wilson</u> court determined that district courts are required to give significant deference to the state court's ruling on motions for directed verdict and similar challenges to the sufficiency of evidence to convict because "[f]ederal review of the sufficiency of the evidence to support a state conviction is not meant to consider anew the jury's guilt determination or to replace the state's system of direct appellate review." 155 F.3d at 405–06. This deference requires this court to consider that "a defendant is entitled to relief only if 'no rational trier of fact could have found proof of guilt beyond a reasonable doubt.' " <u>Id</u>. (quoting <u>Jackson v. Virginia</u>, 443 U.S. 307, 324, 99 S.Ct. 2781, 61 L.Ed.2d 560(1979).

In this case, the trial judge found that the motion for directed verdict on the CDVHAN charge should be denied based on the evidence, including the testimony presented by the victim, her mother, the treating physician, and the treating nurse. The South Carolina Court of Appeals found strong evidence to support the trial court's denial of the motion for directed verdict on CDVHAN concluding:

> The State presented testimony and photographs showing the victim suffered three separate nose fractures, a cut requiring four stitches, swelling of the eyes to the point the victim could no longer see, and multiple other scrapes and bruises as a result of Greene's attack. Based on this testimony and photographs submitted at trial, the State presented evidence that reasonably tended to prove the victim

17

suffered serious bodily injury.

(App. 246).

Based on the evidence presented at the trial, the state court's decision was neither "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; nor a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2). Accordingly, it is recommended that Ground One be dismissed.

## Ground Two

In Ground Two, Petitioner argues trial court error in failing to grant a directed verdict on First Degree Burglary. Petitioner argues the State failed to establish that Petitioner entered Victim's trailer without permission and failed to present evidence that Petitioner intended to commit a crime in the trailer. Respondent argues that the portion of this Ground as to whether Petitioner had permission to enter is procedurally defaulted as it was not raised to and ruled upon by the trial court. As to the argument pertaining to evidence that he intended to commit a crime in the trailer, Respondent asserts that the state courts' findings are well-supported by the record.

As previously stated under Ground One, claims of insufficiency of the evidence such that a directed verdict should have been granted are cognizable in habeas actions as claims of a denial of due process. However, review in this area is " 'sharply limited.' " Wilson v. Greene, supra (quoting Wright v. West, supra). The Wilson court determined that district courts are required to give significant deference to the state court's ruling on motions for directed verdict. This deference requires this court to consider that "a defendant is entitled to relief only if 'no rational trier of fact could have found proof of guilt beyond a reasonable doubt.' " Id. (quoting Jackson v. Virginia, supra).

In this case, counsel made a motion for directed verdict on the first degree burglary charge arguing that Petitioner entered the victim's home to ask for his possessions without the intent to commit a crime. However, the trial court denied the motion finding sufficient evidence for the jury to decide whether Petitioner had the requisite intent for first degree burglary since there was evidence that Petitioner began striking the victim immediately upon entering the dwelling. This issue was raised in the direct appeal. The South Carolina Court of Appeals found the trial court did not err in denying the directed verdict motion stating the following:

> [T]he State presented testimony stating Greene repeatedly beat and kicked the victim's door and pushed aside a clothes dryer just to gain entry to the home. Moreover, the victim testified, upon entering her home,

19

> Greene immediately came towards her and began his assault. Based on this testimony, the State presented evidence reasonably tending to prove Greene intended to commit a crime upon entering the home.

(App. 246).

The state court's decision was neither "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; nor a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2). Accordingly, it is recommended that Ground Two be dismissed.

## Ground Three

In Ground Three, Petitioner argues the trial court erred in admitting photographs that were more prejudicial than probative. Respondent asserts this ground is not cognizable as it primarily concerns state evidentiary law.

This court agrees that this claim is not cognizable in a federal habeas action because it presents a matter of state law. See Pulley v. Harris, 465 U.S. 37, 41(1984) ("A federal court may not issue the writ [of habeas corpus] on the basis of a perceived error of state law."). Thus, it is recommended that this issue be dismissed and Respondent's motion for summary judgment granted with respect to Ground Three.

**Grounds Four, Five, and Six**

In Ground Four, Petitioner alleges ineffective assistance of counsel based on five claims raised as subparts delineated as Ground Four (A)-(D). Grounds Five and Six also allege claims of ineffective assistance of counsel. The law with regard to effective assistance of counsel is set out below with the claims discussed subsequently.

When presented with an application for habeas relief, the first inquiry by the court is to determine whether the claim raised in the petition was "adjudicated on the merits" by the state court. 28 U.S.C.A. §2254(d). If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in §2254(d) applies and federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Id. § 2254(d)(1),(2); see Williams v. Taylor, 529 U.S. at 398.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland , supra, the

United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) (quoting Strickland, reversed on other grounds, 476 U.S. 28 (1986)). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Strickland, at 694.

The court further held at page 695 that:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct . . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally

competent assistance.  (Emphasis added.)

Id.; Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000)(confirming the Strickland analysis).


### Grounds Four(A) and Five

In Ground Four (A), Petitioner asserts ineffective assistance of counsel for failing to adequately advise him of the State's plea offer.  In Ground Five, Petitioner alleges counsel was ineffective in failing to adequately convey the State's plea offer. As these two claims are basically the same, they will be addressed together. Respondent argues that the PCR court and the appellate court in the PCR appeal made reasonable findings and reasonably applied federal precedent.

Petitioner testified at the PCR evidentiary hearing that trial counsel told him about the plea offer but that it was not definite, and it was not in writing. Petitioner testified that when he saw the pictures from the hospital of victim's injuries, they were "gruesome" and he would have taken the three year plea offer. (App. 278-79). Petitioner testified that counsel explained the potential sentences and he hoped for the best but did not think he could be convicted of burglary since he lived at the residence.

At the PCR hearing, trial counsel testified that the State first offered a plea to CDVHAN and that trial counsel and the solicitor met with Judge Maddox who

indicated he would probably sentence Petitioner to three years. (App. 322-23). Counsel stated that Petitioner rejected the offer saying he would only plead to CDV. (App. 323).  Later, trial counsel stated that she and the solicitor met with a different judge who indicated he would probably give a four year sentence. (App. 324-25). The solicitor subsequently offered a two-and-a-half year sentence with probation to follow, but Petitioner informed counsel that the most he would agree to serve was eighteen months. (App. 326-27). Trial counsel testified that she believed the two-and-a-half year offer to be good only for that term of court. (App. 327). Counsel testified  once the hospital photos of the victim were received shortly before trial, she was led to believe the offer "no longer existed because of the graphic nature of those photos." (App. 320-321).

Patricia Bolen, former assistant solicitor, testified at the PCR hearing that  she offered to allow Petitioner to plead to CDVHAN and she would drop the other charges. (App. 271). Bolen testified that she made an offer of somewhere in the two-and-a-half to three-year range even though the victim wanted Petitioner to receive more time. (Id.). However, Bolen testified that her offer was consistent with the time the Judge stated he would give on a straight up plea. Bolen testified that she could not say that the offer was good right up until Petitioner's trial. ( App. 273-74).

The PCR court found counsel's testimony and the solicitor's testimony credible

while finding Petitioner's testimony not credible and found the following with regard

to this issue:

> "Plea bargains rest on contractual principles." <u>United States v. Ringling</u>, 988 F.2d 504, 506 (4th Cir. 1993). "A plea agreement is only an "offer" until the defendant enters a court-approved guilty plea. A defendant accepts the 'offer' by pleading guilty." <u>Reed v. Becka</u>, 333 S.C. 676, 688, 511 S.E.2d 396, 402 (Ct. App.1999).
>
> In this case, Solicitor Bolen offered Applicant a deal where Applicant would plead straight up to CDVHAN in exchange for dropping the Burglary and Malicious injury charges, however, Applicant rejected this offer. As plea offers are subject to contract principles, once Applicant rejected the offer, the offer is no longer available, and Solicitor Bolen was under no obligation to offer another plea bargain. However, as all parties indicate, the State offered Applicant another plea bargain for two and a half years with probation following. As Counsel testified, Applicant decided to reject this offer as he did not want to serve a probationary period.
>
> Based on the testimony presented at the PCR hearing, this Court finds Counsel was effective in relaying plea offers from the State to Applicant. It was Applicant's decision to reject these offers and take his chances at trial. This claim is one of buyer's remorse. Counsel rendered effective assistance of counsel, and Applicant can prove no resulting prejudice on this claim. Accordingly, this allegation is denied.

(App. 380).

Based upon the record, the PCR court's rejection of the ineffective assistance

of counsel ground for relief was not "contrary to, or involved an unreasonable

application of, clearly established Federal law; or did not result in a decision that was

based on an unreasonable determination of the facts in light of the evidence presented

in the state court proceeding." § 2254(d)(1), (2); Williams, supra. The PCR court's factual determination regarding credibility is entitled to deference in this action. Cagle v. Branker, 520 F.3d 320, 324 (4th Cir.2008), (citing 28 U.S.C. § 2254(e)(1) (for a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear)); see also Marshall v. Lonberger, 459 U.S. 422, 434, 103 S.Ct. 843, 74 L.Ed.2d 646, (1983) ("28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them"). Additionally, a presumption of correctness attaches to state court factual findings. 28 U.S.C. §2244(e)(1). Evans v. Smith, 220 F.3d 306 (4th Cir. 2000). The record reveals that trial counsel relayed the various plea offers from the State, but Petitioner declined to accept them. Based on Bolin's and trial counsel's testimony, the PCR court found that the offers were oral and were not written such that trial counsel would have given Petitioner a written offer to review. The PCR court found Petitioner did not establish deficient performance or show prejudice.  The state PCR court's findings of fact are not only entitled to the presumption of correctness, 28 U.S.C. § 2254(e)(1), but also are supported by the record. Therefore, it is recommended that Respondent's motion for summary judgment be granted as to Ground Four(A) and Ground Five.

26

**Ground Four(B)**

In Ground Four(B), Petitioner alleges ineffective assistance of counsel for failure to investigate, adequately prepare, or request a continuance. Specifically, Petitioner argues that he provided Counsel with multiple ways to verify that he lived at the victim's residence, but she failed to investigate or verify the information and failed to incorporate that information into her defense. Respondent argues that this claim is procedurally barred as it was not raised to or ruled upon by the PCR court.

Petitioner filed a response asserting the procedural default is excusable due to ineffective assistance of PCR counsel relying on the Supreme Court decision in <u>Martinez v. Ryan</u>, —— U.S. ——, 132 S.Ct. 1309, (2012). Respondent argues Petitioner is not able to overcome his default.

Based on a review of the issues raised in the PCR application, the testimony at the PCR hearing, and the Order of Dismissal, it appears this issue was raised at PCR, but the PCR court did not make a specific ruling as to this exact issue.[2] Petitioner

---

[2] It is noted that the PCR court found that Petitioner failed to carry his burden of proving Counsel was ineffective for failing to call witnesses on Applicant's behalf at trial or any resulting prejudice. Further, the PCR court noted that Petitioner admitted there was evidence presented at trial that he did not live at the residence or that victim consented to his entrance that night. The PCR court found testimony revealed that he did not have consent to enter the residence and did not possess a key to the residence. (Tr. 378-380). Even if the issue raised in Ground 4(b) was subsumed and ruled upon by the PCR court, it is still procedurally barred as it was not raised in the PCR appeal.

failed to request a ruling pursuant to Rule 59(e), SCRCP.[3] Failure to do so results in

a procedural bar.    Marlar v. State, 375 S.C. 407, 653 S.E.2d 266 (S.C.2007).[4]

Therefore, these claims are procedurally barred from review in federal habeas corpus.

See Plyler v. State, 309 S.C. 408, 424 S.E.2d 477, 478 (S.C.1992) (holding that an

issue that was neither raised at the PCR hearing nor ruled upon by the PCR court is

procedurally barred). Petitioner has not demonstrated cause and prejudice for his

procedural default of this claim. Even if the issue was not procedurally barred,

Petitioner failed to present any evidence at the PCR hearing to support his allegation

that he lived at the victim's residence at the time of the incident. Therefore, it is

recommended that summary judgment be granted in relation to Ground Four(B).

To the extent Petitioner claims that Martinez v. Ryan, —— U.S. ——, 132 S.Ct.

1309, 182 L.Ed.2d 272 (2012) allows him to overcome his procedural default, the

claim fails. In Martinez, the Supreme Court established a "limited qualification" to the

---

[3] To avoid application of procedural bar to an issue raised but not ruled on by the PCR court as required by S.C. Code Ann. 17-27-80, a motion to alter or amend pursuant to Rule 59(e), SCRCP, must be made.

[4] In *Bostic v. Stevenson,* 589 F.3d 160, 162–65 (4th Cir.2009), the Fourth Circuit held that, prior to the decision of the South Carolina Supreme Court in *Marlar*, that South Carolina courts had not consistently enforced a procedural bar based on the PCR applicant's failure to file a motion pursuant to Rule 59(e). Therefore, for matters in which the PCR court ruled prior to *Marlar* (i.e., November 5, 2007), this Court should not consider the failure of the applicant to file a Rule 59(e) motion to obtain a ruling on a properly raised issue as a procedural bar. *See Mendenhall v. Cohen* 2011 WL 1119178 (D.S.C. 2011).

rule in <u>Coleman v. Thompson</u>, 501 U.S. 722, 752, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), that any errors of PCR counsel cannot serve as a basis for cause to excuse a petitioner's procedural default of a claim of ineffectiveness of trial counsel. <u>Martinez</u>, 132 S.Ct. at 1319. The <u>Martinez</u> Court held that inadequate assistance of counsel "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." <u>Id</u>. at 1315. In describing its holding in <u>Martinez</u>, the Supreme Court has recently stated that

> [w]e ... read *Coleman* as containing an exception, allowing a federal habeas court to find "cause," thereby excusing a defendant's procedural default, where (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] ... be raised in an initial-review collateral proceeding."

<u>Trevino v. Thaler</u>, 569 U.S. ——, ——, 133 S.Ct. 1911, 1918, 185 L.Ed.2d 1044 (2013) *(citing <u>Martinez</u>*, 132 S.Ct. at 1318–19, 1320–21); <u>see</u> <u>also</u> <u>Sexton v. Cozner</u>, 679 F.3d 1150, 1159 (9th Cir.2012) (summarizing the <u>Martinez</u> test to require the following: "a reviewing court must determine whether the petitioner's attorney in the first collateral proceeding was ineffective under <u>Strickland</u>, whether the petitioner's

claim of ineffective assistance of trial counsel is substantial, and whether there is prejudice").

To excuse the failure to file a Rule 59(e) motion when the claim was not ruled upon by the PCR court, Petitioner must "show that [PCR] counsel's representation during the post-conviction proceeding was objectively unreasonable, and that, but for his errors, there is a reasonable probability that Petitioner would have received relief on a claim of ineffective assistance of trial counsel in the state post-conviction matter." Sexton, 679 F.3d at 1157; see also Williams v. Taylor, 529 U.S. 362, 391, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective assistance-of-counsel claims"); Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (stating to demonstrate ineffective assistance of counsel, a petitioner must show that (1) counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution and (2) petitioner was prejudiced as a result).

Applying Martinez to the record and Petitioner's claim, Petitioner cannot make out a claim of ineffectiveness of PCR counsel. At the PCR hearing, Petitioner failed to present any evidence/witnesses to testify that he lived at the victim's residence at the time of the incident and that he/she would have testified at trial if they had been

30

contacted. However, the State presented evidence that Petitioner no longer lived at the residence and did not have permission to enter the victim's house.[5] Even if the issue was ruled upon by the PCR court it was not raised in the PCR appeal.[6] Based on the record, it is recommended that Respondent's motion for summary judgment be granted with respect to this claim.

## Grounds Four(C) and (E)

In Ground Four(C), Petitioner alleges ineffective assistance of counsel for failing to raise the issue of victim's consent for Petitioner to enter her house. In Ground Four(E), Petitioner alleges ineffective assistance of counsel for failure to call witnesses during his defense. Respondent argues these claims are procedurally barred because they were not raised in the PCR appeal.

Grounds Four (C) and (E)were raised and ruled on by the PCR court but were

---

[5] The victim testified that Petitioner was her boyfriend and lived with her from approximately May 2008 for nine months. She testified that Petitioner did not have a key to her house, his name was not on the lease, and the only personal belongings he had there were clothes and shoes. (Tr. 73-74). The victim testified that he stopped living there after he broke up with her on February 19th. (Tr. 74). The Victim testified that she took Petitioner to his sister's house on February 19, and she took his clothes to him on the 20th. (Tr. 74). At the PCR hearing, Petitioner testified that he realized trial counsel put up witnesses on his behalf that stated he actually lived at the home and made a motion to dismiss the burglary charges stating that it could not have been burglary first because he lived at the residence.  (Tr. 303-304).

[6] Ineffective assistance of appellate PCR counsel, rather than lower court PCR counsel, does not constitute cause. Johnson v. Warden of Broad River Corr., 2013 WL 856731 at *1 (4th Cir. Mar. 8, 2013)(PCR appellate counsel error cannot constitute cause under Martinez exception).

not raised in the petition for Writ of Certiorari. Therefore, these claims are procedurally barred from review in federal habeas corpus. See Coleman v. Thompson, 501 U.S. 722, (1991)(stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review). Petitioner has not demonstrated cause and prejudice to overcome his procedural default. Therefore, it is recommended that Grounds Four(C) and (E) be dismissed as procedurally barred.

To the extent Petitioner is asserting Martinez to overcome the default, his argument fails. Ineffective assistance of appellate PCR counsel can not be argued to overcome the default in Grounds Four (C) and (E). Ineffective assistance of appellate PCR counsel, rather than lower court PCR counsel, does not constitute cause. Johnson v. Warden of Broad River Corr., 2013 WL 856731 at *1 (4th Cir. Mar. 8, 2013)(PCR appellate counsel error cannot constitute cause under Martinez exception); Cross v. Stevenson, 2013 WL 1207067 at *3 (D.S.C. Mar. 25, 2013)("Martinez, however, does not hold that the ineffective assistance of counsel in a PCR appeal establishes cause for a procedural default. In fact, the Supreme Court expressly noted that its holding 'does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts.'")

quoting Martinez, 132 S.Ct. at 1320.Petitioner has failed to show  other cause and prejudice.

## Ground Four(D) and Six

In Ground Four (D), Petitioner argues ineffective assistance of counsel for failing to properly advise him of his right to testify. In Ground Six, Petitioner argues that he did not knowingly and voluntarily waive his right to testify. As these grounds contain basically the same issue, they will be addressed together.

At the PCR evidentiary hearing, Petitioner testified that he wanted to testify at trial but both Counsel Bell and Counsel Grose advised him not to testify. Counsel testified at PCR that she specifically recalled them discussing his right to testify with Petitioner and both advised him not to testify.

The PCR court found the following with regard to this issue:

> This Court finds Applicant's testimony not credible while finding Counsel's testimony credible.  First, "[a]n on-the-record waiver of a constitutional or statutory right is but one method of determining whether  the defendant knowingly and intelligently waived that right." Brown v. State, 317 S.C. 270, 272, 453 S.E.2d 251, 252 (1994). Second, this Court finds Counsel made Applicant fully aware of his right to testify or remain silent after the close of the State's case.  Based on the aforementioned reasons, this Court finds Applicant knowingly and voluntarily waived his right to  testify at his  trail [sic]. Furthermore, Applicant, while alleging his testimony would have changed  the outcome of the case, failed to state specific reasons why and how the trial would have been different had he testified.  To say the

> trial's outcome would have been different without meeting his burden of proof is completely speculative. Accordingly, this allegation is denied.

(App. 378-79).

Based upon the record, the PCR court's rejection of the ineffective assistance of counsel ground for relief was neither "contrary to, or involved an unreasonable application of, clearly established Federal law; or did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2); Williams, supra. The PCR court's factual determination regarding credibility is entitled to deference in this action. Cagle v. Branker, 520 F.3d 320, 324 (4th Cir.2008), (citing 28 U.S.C. § 2254(e)(1) (for a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear)); see also Marshall v. Lonberger, 459 U.S. 422, 434, 103 S.Ct. 843, 74 L.Ed.2d 646, (1983) ("28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them"). Additionally, a presumption of correctness attaches to state court factual findings. 28 U.S.C. §2244(e)(1). Evans v. Smith, supra. Furthermore, Petitioner failed to show prejudice. Accordingly, it is recommended that summary judgment be granted with respect to Grounds Four(D) and Six.

## **CONCLUSION**

As set out above, a review of the record indicates that the petition should be dismissed. Therefore, it is RECOMMENDED that Respondent's motion for summary judgment (Doc. #14) be granted and the petition dismissed without an evidentiary hearing.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

January 20, 2016
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice**.

35