**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| Antjuan To'bias Greene, | ) | |
| | ) | Civil Action No. 4:15-cv-00774-JMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden, Larry Cartledge, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, proceeding *pro se*, brought this action seeking relief pursuant to 28 U.S.C. § 2254 (2012). (ECF No. 1.) This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 33), recommending that Respondent's Motion for Summary Judgment (ECF Nos. 14, 15) be granted and Petitioner's action (ECF No. 1) be denied. The Report sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's recommendation herein without a recitation.

## I.     LEGAL STANDARD

*A.     The Magistrate Judge's Report and Recommendation*

The Magistrate Judge makes only a recommendation to this court that has no presumptive weight—the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court reviews *de novo* only those portions of a Magistrate Judge's Report to which specific objections are filed, and it reviews those portions not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44,

1

47 (4th Cir. 1982). The court may accept, reject, or modify—in whole or in part—the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

*B.     Summary Judgment*

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). A genuine question of material fact exists where, after reviewing the record as a whole, the court finds that a reasonable jury could return a verdict for the non-moving party. *Newport News Holdings Corp. v. Virtual City Vision*, 650 F.3d 423, 434 (4th Cir. 2011).

In ruling on a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir. 1990). The non-moving party may not oppose a motion for summary judgment with mere allegations or denials of the movant's pleading, but instead must "set forth specific facts" demonstrating a genuine issue for trial. Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Shealy v. Winston*, 929 F.2d 1009, 1012 (4th Cir. 1991). All that is required is that "sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Anderson*, 477 U.S. at 249. "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995).

C.     *Relief under 28 U.S.C. § 2254*

The Antiterrorism and Effective Death Penalty Act of 1996, as codified in 28 U.S.C. § 2254, governs Petitioner's federal habeas claims. Petitioners seeking relief pursuant to § 2254 usually must exhaust all available state court remedies before seeking relief in federal court. § 2254(b). Federal courts may not thereafter grant habeas corpus relief unless the underlying state adjudication comports with § 2254(d), which provides:

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—(1) resulted in a decision that was *contrary to, or involved an unreasonable application of, clearly established Federal law*, as determined by the Supreme Court of the United States; or (2) *resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding*.

§ 2254(d) (emphasis added).

A state court's decision is contrary to clearly established federal law when it "applies a rule that contradicts the governing law set forth" by the United States Supreme Court or confronts facts essentially indistinguishable from a prior Supreme Court decision and "nevertheless arrives at a result different from [Supreme Court] precedent." *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). In contrast, a state court's decision involves an "unreasonable application" of "clearly established" federal law 1) "if the state court identifies the correct governing legal rule from this [Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case" or 2) "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 407.

In line with *Williams*, the Fourth Circuit has noted that an "unreasonable application" is not necessarily an "incorrect application" of federal law, explaining that "an incorrect application

3

of federal law is not, in all instances, objectively unreasonable." *Humphries v. Ozmint*, 397 F.3d 206, 216 (4th Cir. 2005) (citing *Williams*, 529 U.S. at 413). Thus, to grant a habeas petition, a federal court must determine that the state courts' adjudication of a petitioner's claims was "not only incorrect, but that it was objectively unreasonable." *McHone v. Polk*, 392 F.3d 691, 719 (4th Cir. 2004).

In making this determination, a federal court's habeas review focuses on the state court decision that already addressed the claims, not "the petitioner's free-standing claims themselves." *McLee v. Angelone*, 967 F. Supp. 152, 156 (E.D. Va. 1997), *appeal dismissed*, 139 F.3d 891 (4th Cir. 1998). And a Petitioner who brings a habeas petition in federal court must rebut facts relied upon by the state court with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008) ("[F]or a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear." (citing 28 U.S.C. § 2254(e)(1))).

### D.     Federal Habeas Corpus Statute of Limitations

28 U.S.C. § 2254(d), as amended, governs review of Petitioner's claim since he filed it after the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") went into effect. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). AEDPA explicitly states that a one-year statute of limitations period applies to habeas applications from persons in custody "pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The statute clarifies that the limitation period shall run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

4

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D).  Finally, AEDPA makes clear that "[t]he time during which a properly filed application for State post-conviction or collateral relief with respect to the pertinent judgment or claim that is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

## II.     ANALYSIS

*A.     The Report and Petitioner's Objection*

Petitioner alleged the following as grounds for his habeas petition, quoted verbatim:

**Ground One**: (see attachments)
**Ground Two**: (See attachments)
**Ground Three**: (see attachments)
**Ground Four**: Ineffective Assistance of Trial Counsel (A-E) (see attachments)

(ECF No. 1 ("supporting facts" excluded).)  In the attachment to his petition, Petitioner describes the grounds in the form-petition and also adds two additional grounds as follows:

**Ground One**: The trial judge erred in refusing to direct an acquittal on the charge of CDVHAN where the State's evidence failed to establish that serious bodily injury was inflicted

**Ground Two**: The trial judge erred in refusing to direct a defense verdict on the charge of First Degree Burglary where the State failed to prove that appellant entered the trailer without permission and failed to present evidence tending to prove that appellant intended to commit a crime in the trailer.

**Ground Three**: The trial judge erred in allowing the prosecution to enter photographs in evidence over the defense objection that any relevance of the photographs was outweighed by the unfair prejudice given that the photographs were cumulative and thus only marginally relevant while they were highly unfairly prejudicial; the photographs were calculated to arouse the sympathies and prejudices of the jury and likely to confuse the jury due to the presence in the photos of medical equipment and due to the fact that the actual injuries were obscured by tubing or by clotted blood.

5

> **Ground Four(A)**: Failing to inform defendant of a plea offer and fully informing him of the potential sentences that was hanging over his head in terms of punishment for the crimes that he had been indicted on.
>
> **Ground Four (B)**: Failure to investigate, adequately prepare case for Trial or to request a continuance
>
> **Ground Four (C)**: Failing to raise issue of victim consenting to the entry into the home at trial
>
> **Ground Four (D)**: Failure to advise not to testify or to testify
>
> **Ground Four (E)**: Failure to call witnesses relevant to the defense theory of the case
>
> **Ground Five**: Trial counsel's failure to adequately communicate a plea offer made by the state to Petitioner violated Petitioner's Sixth and Fourteenth Amendent rights to the effective assistance of counsel.
>
> **Ground Six**: The PCR court erred in finding Petitioner knowingly and voluntarily waived his right to testify at trial and that Petitioner failed to state specific reasons why and how the outcome of his trial would have been different had he testified.

(ECF No. 1-1.)

In her Report, the Magistrate Judge first dismissed on the merits Petitioner's habeas claim as to Ground One (ECF No. 33 at 18.)  The Magistrate Judge further found that Ground Three of Petitioner's habeas claim was not cognizable in a federal habeas action.  (*Id.* at 20–21.)  Petitioner made no objections to these specific findings, and this court finds that the Magistrate Judge made no clear error in addressing these specific issues of Plaintiff's habeas petition.

Petitioner, however, does object to the Magistrate Judge's findings with regard to Grounds Two, Four, Five, and Six of his habeas petition.  (ECF No. 39 at 1.)  The Magistrate Judge dismissed Ground Two of his habeas petition on the merits.   (ECF No. 33 at 19–20.)   The Magistrate Judge similarly explained that Petitioner's ineffective assistance of counsel claims as to Grounds Four (A), Four (D), Five, and Six should be dismissed on the merits,  (ECF No. 33 at

23–26,), and that Grounds Four (B), Four (C), and Four (E) all were procedurally barred. (*Id.* at 27–33.)

As the main part of his objection to this specific finding of the Magistrate Judge, Petitioner states in his Objection that he advances "the same facts and legal authorities," (ECF No. 39 at 1), that he previously presented to the Magistrate Judge in his Response to Summary Judgment (ECF No. 27). Instead of any specific objections to the Magistrate Judge's findings, he states that he believes "that the Magistrate Judge did not properly or adequately address those facts or arguments" he presented in that Response. (ECF No. 39 at 1.)

This court disagrees. With no specific objections filed to the Magistrate Judge's Report, this court reviews that Report for clear error. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (explaining that a district court reviews those portions of the Magistrate Judge's Report not objected to for clear error). It finds no such error here.

Petitioner nonetheless states in his Objection that "any claim that this Court deems to be procedurally defaulted should be excused because PCR Counsel, which is the initial review attorney on ineffective assistance of counsel claims rendered assistance during a [sic] initial review collateral proceeding which was ineffective and prejudiced Petitioner." (ECF No. 39 at 2 (citing *Martinez v. Ryan*, 132 S. Ct. 1309 (2012).) For the same reasons the Magistrate Judge already discusses at length in his Report, (ECF No. 33 at 27–33), Petitioner's reliance on *Martinez* fails. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (concluding that a district court reviews those portions of the Magistrate Judge's Report to which "general and conclusory" objections are made for clear error).

### III.     CONCLUSION

This court thus **ADOPTS** the findings of the Magistrate Judge's Report and

Recommendation (ECF No. 33). It is therefore **ORDERED** that Respondent's Motion for Summary Judgment (ECF Nos. 14, 15) is **GRANTED** and Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED** without an evidentiary hearing.

**CERTIFICATE OF APPEALABILITY**

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, Petitioner has not met the legal standard for the issuance of a certificate of appealability.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

March 16, 2016
Columbia, South Carolina